IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

UNITED STATES OF AMERICA,

     *Plaintiff,*

     v.

GLADIS H. GRAHAM a/k/a GLADIS
   SUBLETT a/k/a JUNNIE SUBLETT;
CHARLES SUBLETT;
MEDIAK, LLC;
BANK OF AMERICA, N.A.;
M & T BANK CORPORATION;
CAVALRY SPV I, LLC;
UNIFUND CCR, LLC;
PORTFOLIO RECOVERY ASSOCIATES
   LLC;
DISCOVER BANK;
KNOBS POINTE APTS., LLC;
STATE OF INDIANA, DEPARTMENT
   OF REVENUE; and
FLOYD COUNTY, INDIANA;

     *Defendants.*

Case No. 4:23-cv-97

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to collect the federal tax liabilities of Mediak, LLC ("Mediak") by enforcing the federal tax liens and/or judgment lien associated with those liabilities through a judicial sale of certain real property belonging to Mediak but titled to Gladis H. Graham a/k/a Gladis Sublett a/k/a Junnie Sublett as Mediak's nominee and/or alter ego. For its complaint, the United States alleges as follows:

-1-

**Jurisdiction, Parties, and Property**

1.      The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Defendant Gladis H. Graham, also known as Gladis Sublett and Junnie Sublett, resides in Floyd County, Indiana, within the jurisdiction of this Court.

3.      Defendant Charles Sublett resides in Floyd County, Indiana, within the jurisdiction of this Court. Defendants Gladis H. Graham and Charles Sublett are married.

4.      Defendant Mediak is joined as a party because this is an action to collect its debts and because it has an interest in the property described below.

5.      Defendant Bank of America, N.A., is joined as a party because it may have a lien or claim an interest in the Real Property described below, as the successor in interest of Countrywide Home Loans, Inc.

6.      Defendant M & T Bank Corporation is joined as a party because it may have a lien or claim an interest in the property described below. On information and belief, M & T Bank Corporation services the mortgage on the Real Property described below.

7.      Defendant State of Indiana, Department of Revenue, is joined as a party because it may have a lien or claim an interest in the Real Property described below.

8.      Defendant Cavalry SPV I, LLC, is joined as a party because it may have a lien or claim an interest in the Real Property described below.

9.      Defendant UniFund CCR LLC is joined as a party because it may have a lien or claim an interest in the Real Property described below.

10.     Defendant Portfolio Recovery Associates LLC is joined as a party because it may have a lien or claim an interest in the Real Property described below.

11. Defendant Discover Bank is joined as a party because it may have a lien or claim an interest in the Real Property described below.

12. Defendant Knobs Pointe Apts., LLC, is joined as a party because it may have a lien or claim an interest in the Real Property described below.

13. Defendant Floyd County, Indiana, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the Real Property described below and to place it on notice of this Court's jurisdiction over the Real Property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the Real Property may not be sold under other procedures during the pendency of this action.

14. The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 6007 Woodsview Court, Floyds Knobs, Indiana and has a legal description as follows:

> Lot Nos. Twenty-Eight (28) and Twenty-Nine (29) of Whispering Woods Subdivision, Plat No. 888 of the Floyd County, Indiana Records, Plat No. 888 of the Floyd County Indiana Records.
>
> Subject to any and all easements, restrictions and/or protective covenants of public record which may apply to the above property.

Meaning to describe the property conveyed to Gladis Graham, listed as a single woman, by general warranty deed of Roger Lee Stamper and Betsy Ann Stamper, dated March 12, 2004, and recorded with the Floyd County Recorder as document number 200403751 on March 15, 2004.

### The Government's Nominee and Alter Ego Contentions

15. In her March 2004 Uniform Residential Loan Application, Gladis Graham reported that she was employed by Mediak and had been for the previous twelve years.

16. Gladis Graham obtained title to the Real Property by general warranty deed dated

March 12, 2004. Defendants Gladis Graham and Charles Sublett reside at the Real Property.

17.     In September 2004, Gladis Graham and Charles Sublett opened two bank accounts for Mediak at PNC Bank. They each signed the account agreements as "owner." The address listed for each account was 6007 Woodsview Court, Floyds Knobs, Indiana. *Id.*

18.     Charles Sublett and Gladis H. Graham were listed as the managers or members of Mediak when it filed its annual reports in April 2005 and March 2006 with the Kentucky Secretary of State. On March 24, 2006, Charles Sublett filed a Statement of Change of Principal Office Address. He stated that the principal office of Mediak was now 6007 Woodsview Court, Floyds Knobs, Indiana. On November 1, 2007, the Kentucky Secretary of State administratively dissolved Mediak for failure to file its 2007 annual report.

19.     Beginning on August 25, 2004, Charles Sublett signed checks from Mediak's PNC Bank account to pay the mortgage of 6007 Woodsview Court, Floyds Knobs, Indiana. These payments continued for the mortgage from Mediak's account through September 2011. These payments totaled approximately $320,000. From December 2012 to June 2013, cashier's checks were submitted to M&T Bank with Mediak as the remitter. The total for these cashier's checks is $13,867.13.

20.     A check dated May 16, 2012, from M&T Bank made out to Gladis Graham, 6007 Woodsview Court, Floyds Knobs, Indiana was deposited into a Mediak PNC bank account on May 31, 2012. The check said that it was "for payment of escrow to mortgagor."

### Mediak's Tax Liabilities

21.     A delegate of the Secretary of the Treasury made assessments against Mediak for federal taxes on the dates and in the amounts described below. These liabilities have balances due as of June 1, 2023, including assessed and accrued late-filing and late-payment penalties

under Section 6651 of the Internal Revenue Code, costs, and statutory interest, and after applying

any abatements, payment, and credits, as follows:

| Type | Tax period ending | Assessment date | Assessment amount | Balance due as of 6/1/2023 |
|---|---|---|---|---|
| 941 | 06/2004 | 12/08/2008 | $1,990.50 | $3,555.74 |
| 941 | 09/2004 | 12/08/2008 | $7,509.28 | $26,696.78 |
| 941 | 12/2004 | 12/08/2008 | $11,332.04 | $39,867.18 |
| 941 | 12/2005 | 01/05/2009 | $14,910.32 | $48,519.78 |
| 941 | 03/2007 | 12/08/2008 | $15,062.44 | $46,619.21 |
| 941 | 09/2007 | 12/08/2008 | $13,027.79 | $39,021.33 |
| 941 | 12/2007 | 12/08/2008 | $14,432.34 | $42,556.75 |
| 941 | 09/2008 | 04/11/2011 | $9,804.22 | $27,334.11 |
| 941 | 12/2008 | 08/01/2011 | $11,929.79 | $32,988.28 |
| 941 | 03/2009 | 04/11/2011 | $13,866.67 | $37,900.73 |
| 941 | 06/2009 | 04/11/2011 | $14,160.97 | $38,369.31 |
| 941 | 09/2009 | 04/11/2011 | $16,583.20 | $44,542.67 |
| 941 | 12/2009 | 04/11/2011 | $15,951.58 | $42,474.60 |
| 941 | 03/2010 | 04/11/2011 | $16,901.53 | $42,750.69 |
| 941 | 06/2010 | 04/11/2011 | $19,915.86 | $52,128.30 |
| 941 | 09/2010 | 04/11/2011 | $11,691.72 | $29,481.85 |
| 941 | 12/2010 | 04/04/2011 | $15,391.99 | $16,436.81 |
| 940 | 12/2004 | 12/15/2008 | $456.40 | $1,485.30 |
| 940 | 12/2005 | 12/15/2008 | $757.34 | |
| | | 02/07/2011 | $3,527.33 | $13,977.22 |
| 940 | 12/2008 | 06/06/2011 | $525.61 | |
| | | 03/25/2013 | $3,478.67 | $10,945.09 |
| 940 | 12/2009 | 06/06/2011 | $815.52 | |
| | | 03/25/2013 | $5,084.47 | $15,589.21 |
| 940 | 12/2010 | 05/09/2011 | $1,042.69 | |
| | | 06/10/2013 | $5,107.59 | $11,235.80 |
| 940 | 12/2011 | 04/23/2012 | $754.70 | |
| | | 04/07/2014 | $2,482.56 | $4,687.65 |
| § 6721 penalty | 12/2007 | 01/03/2011 | $25,508.13 | $41,571.44 |
| **Total** | | | | $710,735.83 |

22.    On or about the dates of the assessments described in paragraph 21, a delegate of

the Secretary of the Treasury duly issued notices of the liabilities to and made demand for

payment upon Mediak.

23. On January 11, 2021, the U.S. District Court for the Southern District of Indiana, in Civil Action No. 4:19-cv-138-SEB-DML, entered default judgment against Mediak, in the amount of $636,797.73 as of March 31, 2020, plus further interest from March 31, 2020, for the tax types and periods listed in paragraph 21, above.

24. On January 26, 2021, the United States filed an abstract of judgment with the District Court in the Southern District of Indiana. The United States then recorded the abstract of judgment with the Floyd County Recorder as Document 202102018 on February 8, 2021.

25. Despite the notices of the liabilities, demands for payment and default judgment, Mediak failed, neglected, or refused to pay in full the liabilities described in paragraph 21, and after the application of all accruals, abatements, fees and costs, payments, and credits, it remains indebted to the United States for those tax periods in the amount of $710,735.83, plus statutory additions as of June 1, 2023.

**Claim Against All Parties to Enforce Federal Tax Liens Against Real Property**

26. The United States incorporates by reference paragraphs 1 through 25 as if specifically realleged herein.

27. As of the dates of assessment listed in paragraph 21, above, federal tax liens associated with Mediak's tax liabilities arose and attached to all of Mediak's property and rights to property. 26 U.S.C. § 6321.

28. On March 28, 2014, the IRS filed Notices of Federal Tax Lien ("NFTLs") regarding, *inter alia,* the 941 tax liabilities for tax periods ending June 30, 2004, September 30, 2004, December 31, 2004, December 30, 2005, March 31, 2007, September 30, 2007, and December 31, 2007, (Document 201404125); regarding, *inter alia,* the 941 tax liabilities for tax periods ending September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009,

September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010, December 31, 2010, and the 940 tax liabilities for tax years 2004, 2005, and 2008 (Document 201404127); and regarding the 940 tax liabilities for tax years 2009 and 2010 and the 6721 penalties for tax period ending December 31, 2007 (Document 201404128) with the Floyd County Recorder, noting Gladis Graham a/k/a Gladis Sublett, as the nominee of Mediak. On August 19, 2019, the IRS filed a Revocation of the Certificate of Release of Federal Tax Lien with the Floyd County Recorder regarding, *inter alia,* the 941 tax liabilities for tax periods ending June 30, 2004, September 30, 2004, December 31, 2004, December 30, 2005, March 31, 2007, September 30, 2007, and December 31, 2007, (Document 201912246), noting Gladis Graham a/k/a Gladis Sublett, as the nominee of Mediak. On December 13, 2019, the IRS filed an NFTL with the Floyd County Recorder regarding, *inter alia,* 941 tax liabilities for tax periods ending June 30, 2004, September 30, 2004, December 31, 2004, December 31, 2005, March 31, 2007, September 30, 2007, and December 31, 2007, (Document 201920752), noting Gladis Graham a/k/a Gladis Sublett, as the nominee of Mediak. On August 18, 2020, the IRS re-filed NFTLs with the Floyd County Recorder regarding, *inter alia,* 941 tax liabilities for tax periods ending June 30, 2009, September 30, 3009, March 31, 2010, June 30, 2010, and December 31, 2010, (Document 202012249) and regarding 6721 penalties for tax period ending December 31, 2007, and 940 tax liabilities for the 2009 tax year (Document 202012252), noting Gladis Graham a/k/a Gladis Sublett, as the nominee of Mediak.

29.    The filing of the abstract of judgment described in paragraph 24, above, created a judgment lien on all real property of Mediak, the judgment debtor. *See* 28 U.S.C. § 3201.

30.     Gladis H. Graham holds title to the Real Property as the nominee and/or alter ego of Mediak, which is the Real Property's true owner. Accordingly, the federal tax liens and judgment lien described above have attached to the Real Property.

31.     The United States is entitled to enforce the federal tax liens and judgment lien described above against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to Floyd County, Indiana, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, Plaintiff United States of America requests the following relief:

A.     An order enforcing the federal tax liens and judgment lien securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to the defendant Floyd County, Indiana, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States for application toward Mediak's tax and judgment

liabilities, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

B.    The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Kimberly R. Parke*
KIMBERLY R. PARKE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
202-353-0300 (v) / 202-514-5238 (f)
Kimberly.Parke@usdoj.gov

Of Counsel:

ZACHARY A. MYERS
United States Attorney