UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00097-TWP-KMB |
| | ) | |
| GLADIS H GRAHAM, | ) | |
| CHARLES SUBLETT, | ) | |
| MEDIAK LLC, | ) | |
| BANK OF AMERICA, N.A., | ) | |
| M&T BANK CORPORATION, | ) | |
| CAVALRY SPV I, LLC, | ) | |
| UNIFUND CCR LLC, | ) | |
| PORTFOLIO RECOVERY ASSOCIATES LLC, | ) | |
| DISCOVER BANK, | ) | |
| KNOBS POINTE APTS, LLC, | ) | |
| STATE OF INDIANA, DEPARTMENT OF REVENUE, | ) | |
| FLOYD COUNTY, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Currently pending before the Court is Plaintiff United States of America's (the "United States") Motion for Service by Publication. [Dkt. 27.] In this motion, the United States asserts that service of Defendant Gladis Graham by publication is appropriate because its efforts to serve Ms. Graham at her last known address have failed, it has been unable to obtain updated contact information for Ms. Graham, and it appears that Ms. Graham has left Indiana. [*Id.* at 1.]

Federal Rule of Civil Procedure 4(e)(1) allows for service in a manner permitted under state law for the state in which the district court is located or service is made. Indiana Rule of Trial Procedure 4.13 permits service by publication, but in order to do so, the party must ask the court to allow service by publication, and the request must be supported by an affidavit that "diligent search has been made that the defendant cannot be found, has concealed [her] whereabouts, or has

left the state." Additionally, service by publication must satisfy due process requirements. *See In re Adoption of L.D.*, 938 N.E.2d 666, 669 (Ind. 2010) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)) (explaining that "the Due Process Clause demands a diligent search before attempting notice by publication").

In support of its Motion, counsel for the United States has filed an affidavit explaining her "diligent search" and several attempts to serve Ms. Graham, including 1) sending a process server to Ms. Graham's last known address; 2) contacting the Internal Revenue Service ("IRS") for a current address, which in turn verified through a third party that Ms. Graham's most recent address was the same address at which service was unsuccessfully attempted; and 3) communicating with Ms. Graham's ex-husband, Defendant Charles Sublett, who informed counsel that Ms. Graham had moved to Indonesia but did not respond to requests for Ms. Graham's current address. [Dkt. 27-2 at 2-3.] The Court concludes that the United States' efforts to serve Ms. Graham satisfy Indiana Trial Rule 4.13.

Unfortunately, however, the United States' motion and proposed summons are deficient in several respects. In addition to showing that it has conducted a "diligent search," the United States must also demonstrate that it has fully complied with Indiana Rule of Trial Procedure 4.13(B), which outlines information a summons must contain. The Court has reviewed the United States' proposed summons and finds it lacking in two respects: (1) the United States claims in its motion that Ms. Graham's whereabouts are unknown, but it does not include a statement to that effect in the proposed summons, *see* Ind. Trial R. 4.13(B)(1); and (2) the summons does not contain the title of the case as shown by the Complaint, *see* Ind. Trial R. 4.13(B)(3). In addition to its proposed summons lacking required information, the United States' motion identifies the newspaper in which it seeks to publish as "*News and Tribute*," but it appears that the correct name is *News and*

*Tribune*. While this may be a mere scrivener's error, attention to detail matters, especially in what may shape up to be a case in which the United States seeks default judgment. The United States has also failed to demonstrate that this newspaper is authorized by applicable state law to publish legal notices. *See* Ind. Trial R. 4.13(c).

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the United States' Motion for Service by Publication. [Dkt. 27.] **Within 7 days of the date of this Order**, the United States is **ORDERED** to file the following: (1) an updated proposed summons containing all required information as outlined in Indiana Rule of Trial Procedure 4.13(B); and (2) a statement correctly identifying the newspaper in which it seeks to publish, setting forth sufficient evidence to demonstrate (a) that the newspaper is authorized by applicable state law to publish legal notices and (b) that the publication in this particular newspaper is "reasonably calculated … to apprise interested parties of the pendency of the action." *See Mullane*, 339 U.S. at 314.

**SO ORDERED.**

Date: 10/31/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email