UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLADIS H GRAHAM a/k/a Gladis Sublett a/k/a ) <br> Junnie Sublett; Clerk's Entry of Default entered ) <br> 3/14/2024., ) <br> CHARLES SUBLETT, ) <br> MEDIAK LLC Clerk's Entry of Default entered ) <br> 4/24/2024, ) <br> BANK OF AMERICA, N.A. Clerk's Entry of ) <br> Default entered on 12/15/2023. Default Judgment ) <br> entered on 3/06/2024, ) <br> CAVALRY SPV I, LLC Clerk's Entry of Default ) <br> entered on 12/15/2023. Default Judgment entered ) <br> on 3/6/2024, ) <br> UNIFUND CCR LLC Clerk's Entry of Default ) <br> entered on 12/15/2023. Default Judgment entered ) <br> on 3/6/2024, ) <br> PORTFOLIO RECOVERY ASSOCIATES LLC ) <br> Clerk's Entry of Default entered on 12/15/2023. ) <br> Default Judgment entered on 3/6/2024, ) <br> DISCOVER BANK Clerk's Entry of Default ) <br> entered on 12/15/2023. Default Judgment entered ) <br> on 3/6/2024, ) <br> STATE OF INDIANA, DEPARTMENT OF ) <br> REVENUE, ) <br> FLOYD COUNTY, INDIANA, ) <br> SELENE FINANCE LP, ) <br> ) <br> Defendants. ) | Case No. 4:23-cv-00097-TWP-KMB |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANT CHARLES SUBLETT**

This matter is before the Court on Plaintiff the United States of America's (the "United

States") Motion for Summary Judgment Against Charles Sublett ("Sublett") (Filing No. 86). The

United States brought this action to enforce federal tax liens and/or judgment liens against Sublett's

company, Mediak LLC ("Mediak"), by forcing the judicial sale of property titled to Sublett's ex-wife, Defendant Gladis H. Graham ("Graham"). The United States now moves for summary judgment that Sublett has no interest in the property at issue and therefore, cannot challenge its sale. For the following reasons, the United States' Motion is **granted**.

## I.   BACKGROUND

This action arises from Defendant Mediak's failure to pay federal taxes. In 2004, Graham reported in a loan application that she was employed by Mediak, and had been so employed for twelve years. (Filing No. 1at 3). Later that year, Graham and Sublett opened two bank accounts for Mediak at PNC Bank and they each signed the account agreements as "owner." *Id*. at 4. The address listed for each account was 6007 Woodsview Court, Floyds Knobs, Indiana (the "Floyds Knobs Property"). *Id*. In November 2007, the Kentucky Secretary of State administratively dissolved Mediak for failure to file its 2007 annual report.[1] *Id*. at 4. In a separate, earlier lawsuit, *United States of America v. Mediak, LLC*, No. 4:19-cv-138 ("*Mediak I*"), the United States obtained a judgment against Mediak in the amount of $636,797.73 as of March 31, 2020, plus further interest from March 31, 2020, for its unpaid federal tax liabilities. *Id*. at 6.

On June 12, 2023 the United States initiated this action to enforce the liens against Mediak through a judicial sale of the Floyds Knobs Property (Filing No. 1). The Floyds Knobs Property is titled to Graham, but the United States alleges that Graham is Mediak's "nominee" or "alter-ego," so the Floyds Knobs Property is subject to the liens.

The Clerk entered defaults against Mediak and Graham (Filing No. 54; Filing No. 61), and several months later, the United States moved for default judgment against them. While the motion for default judgment was pending, Sublett—a self-represented litigant—filed an "Answer to

---

[1] When the Complaint was filed in *Mediak I*, Mediak LLC was a Kentucky limited liability company. See *United States of America v. Mediak, LLC*, No. 4:19-cv-138 at Dkt. 1.

2

Order" asserting his alleged interest in the Floyds Knobs Property (Filing No. 72). The Court found, based on a liberal reading of Sublett's Answer, that Sublett could "challenge the United States' claim that Graham owns the property as a nominee and/or alter-ego" or "argue that he is an innocent third party whose interest in the [Floyds Knobs] Property should lead the Court, in its limited discretion, to not order a forced sale of the [Floyds Knobs] Property." (Filing No. 79 at 4–6). The Court therefore declined to enter default judgment against Mediak and Graham at that time, but granted the United States leave to re-file its motion "after judgment is reached as to Charles Sublett on the issue of whether Graham owns the [Floyds Knobs] Property as Mediak's nominee and/or alter-ego and whether the Court should order a forced sale." *Id.* at 8. The United States now moves for summary judgment that Sublett has no interest in the Floyds Knobs Property.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, [i]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation modified) (alteration in original). Additionally, "a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation modified). "The opposing party cannot meet this burden with conclusory

3

statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation modified) (alteration in original). "Neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citation modified).

### III. DISCUSSION

The sole issue on which the United States seeks summary judgment, and the sole issue before the Court, is whether Sublett has an interest in the Floyds Knobs Property. If he does not, then he may not challenge the United States' ability to force the sale of the Floyds Knobs Property to satisfy Mediak's liens.

There are two reasons why Sublett must have his *own* interest in the Floyds Knobs Property. First, Sublett cannot litigate issues that affect only Graham and Mediak. *See United States v. Stewart Mech. Enters., Inc.*, No. 10CV-712-S, 2012 WL 2312051, at *1 (W.D. Ky. June 18, 2012) (stating that defendant "has standing only to address his own interests"); *United States v. Powell*, No. 09cv45, 2011 WL 6399500, at *1 n.2 (S.D. Ohio Dec. 20, 2011) (overruling defendant's motion because it sought to set aside a judgment against a co-defendant, and defendant did "not have standing to litigate a matter which affects a Co-Defendant, alone"). Only an attorney may represent another person's or a company's interests in court, and Sublett is not an attorney. The fact that Mediak has been dissolved does not change this fact, since Mediak remains its own legal entity at least for purposes of this lawsuit. Second, if Sublett has no legal interest in the Floyds Knobs

4

Property, then he cannot be an "innocent third party" who could challenge the sale. *See United States v. Rogers*, 461 U.S. 677, 710–11 (1983). With that in mind, the Court turns to whether Sublett has an interest in the Floyds Knobs Property.

The United States offers evidence that Sublett and Graham were married in 1989, that Graham purchased the Floyds Knobs Property in 2004, and that the pair divorced in 2016 (Filing No. 86-3 at 2–4; Filing No. 86-4 at 2–3). In their Settlement Agreement and Decree of Dissolution of Marriage, Sublett and Graham checked the box that "[t]he parties already have divided all items of property." (Filing No. 86-3 at 3). The United States contends that even if the Floyds Knobs Property became a marital asset when Sublett and Graham were married, Graham became the Floyds Knobs Property's sole owner when the pair divorced, leaving Sublett with no remaining interest.

In his response, Sublett asserts that the Floyds Knobs Property "is a result of a long term marriage and exists as common property." (Filing No. 87 at 1). But while the Floyds Knobs Property may have been "common property" while Sublett and Graham were married, the undisputed evidence shows that the Floyds Knobs Property became Graham's after the divorce. While the Settlement Agreement does not explicitly refer to the Floyds Knobs Property, it states that "[t]he parties already have divided all items property," and the Floyds Knobs Property remained titled in only Graham's name (Filing No. 86-3 at 3; Filing No. 86-7). Sublett's response brief further confirms that he "continues to pay the costs of maintaining the Floyds Knobs Property as his primary residence in lieu of rent, *with no expectation of ownership, which was the agreement between Graham and Sublett at the time of the divorce*." (Filing No. 87 at 4 (emphasis added)). Therefore, after the divorce, Sublett had no remaining interest in the Floyds Knobs Property, and Sublett offers no evidence that Graham transferred any interest to him after the divorce (Filing No.

5

86 at 6 (citing Ind. Code § 32-2-1-1 (Statute of Frauds))). Further, this Court cannot alter the division of property from Sublett and Graham's divorce action; any challenge to the division of property must have been raised in the state court divorce action.

Sublett also challenges the amount of Mediak's tax debts and the United States' ability to collect those debts (Filing No. 87 at 2–3). However, as the United States notes, this is not the time or the lawsuit to raise those challenges. Those challenges should have been raised in *Mediak I* by Mediak (not by Sublett, *pro se*, on Mediak's behalf—which is not allowed). As stated above, the sole issue before the Court is whether Sublett has an interest in the Floyds Knobs Property, which he does not.

The Court acknowledges that Sublett, who is now eighty-one years old, has lived at the Floyds Knobs Property for over twenty years and pays to rent and maintain the Floyds Knobs Property. The Court has empathy for Sublett's difficult situation, however, because the undisputed evidence shows that Sublett does not have any legal interest in the Floyds Knobs Property, the Court must **grant** the United States' Motion for Summary Judgment against him.

## IV. CONCLUSION

For the reasons discussed above, the United States' Motion for Summary Judgment Against Charles Sublett (Filing No. 86) is **GRANTED**.

No partial final judgment will issue at this time, as claims against some defendants remain pending.

**SO ORDERED**.

Date: 1/20/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES SUBLETT
6007 Woodsview Ct.
Floyds Knobs, IN 47119

Heather M. Crockett
INDIANA ATTORNEY GENERAL
heather.crockett@atg.in.gov

Jennifer Lynn Fisher
HINSHAW & CULBERTSON LLP (Schererville)
jfisher@hinshawlaw.com

Kristi Lee Fox
RICHARD R. FOX LAW OFFICE
kfox@thefoxlawoffices.com

Ian N. Fuqua
Hinshaw & Culbertson LLP
ifuqua@hinshawlaw.com

Kimberly Parke
DOJ-Tax
kimberly.parke@usdoj.gov