**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLADIS H GRAHAM a/k/a Gladis Sublett a/k/a )<br>Junnie Sublett; Clerk's Entry of Default entered )<br>3/14/2024., )<br>CHARLES SUBLETT, )<br>MEDIAK LLC Clerk's Entry of Default entered )<br>4/24/2024, )<br>BANK OF AMERICA, N.A. Clerk's Entry of )<br>Default entered on 12/15/2023. Default Judgment )<br>entered on 3/06/2024, )<br>CAVALRY SPV I, LLC Clerk's Entry of Default )<br>entered on 12/15/2023. Default Judgment entered )<br>on 3/6/2024, )<br>UNIFUND CCR LLC Clerk's Entry of Default )<br>entered on 12/15/2023. Default Judgment entered )<br>on 3/6/2024, )<br>PORTFOLIO RECOVERY ASSOCIATES LLC )<br>Clerk's Entry of Default entered on 12/15/2023. )<br>Default Judgment entered on 3/6/2024, )<br>DISCOVER BANK Clerk's Entry of Default )<br>entered on 12/15/2023. Default Judgment entered )<br>on 3/6/2024, )<br>STATE OF INDIANA, DEPARTMENT OF )<br>REVENUE, )<br>FLOYD COUNTY, INDIANA, )<br>SELENE FINANCE LP, )<br>)<br>Defendants. ) | No. 4:23-cv-00097-TWP-KMB |

**ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT**
**AGAINST DEFENDANTS MEDIAK AND GRAHAM**

This matter is before the Court on Plaintiff United States of America's (the "United States")

Renewed Motion for Default Judgment Against Defendants Mediak LLC and Gladis H. Graham

(Filing No. 99) allowing the United States to enforce the federal tax liens and/or judgment lien against Mediak through a judicial sale of real property titled to Graham. For the following reasons, the Court **grants** the United States' Renewed Motion for Default Judgment.

## I.      BACKGROUND

A delegate of the Secretary of the Treasury made assessments against Mediak for federal taxes and penalties on several dates between 2008 and 2014, in various amounts totaling several hundred thousand dollars (Filing No. 1 ¶ 21; Filing No. 99-1 at 7–75). On the date of each assessment, the delegate issued notices of liabilities to, and made a demand for payment upon, Mediak (Filing No. 1 ¶ 22). As of the dates of the assessments at issue, federal tax liens associated with Mediak's tax liabilities arose and attached to Mediak's property and right to property. 26 U.S.C. § 6321. In 2014, 2019, and 2020 the Internal Revenue Service ("IRS") filed Notices of Federal Tax Lien regarding Mediak's tax liabilities with the Floyd County, Indiana, Recorder. The IRS also filed a Revocation of the Certificate of Release of Federal Tax Lien with the Floyd County Recorder (Filing No. 99-1 at 80–123).

The United States initiated a separate, earlier action in *United States of America v. Mediak, LLC*, Case No. 4:19-cv-138-SEB-DML ("*Mediak I*"), to obtain a judgment against Mediak for its unpaid federal tax liabilities. In January 2021, a default judgment was entered against Mediak in in *Mediak I* in the amount of $636,797.73, which was the balance due as of March 31, 2020 (excluding certain tax liabilities that the United States chose not to pursue), plus interest from March 31, 2020 (Filing No. 99-2 at 7). The United States filed an abstract of judgment in in *Mediak I* on January 26, 2021, *id.* at 9, and recorded the abstract of judgment with the Floyd County Recorder on February 8, 2021, *id.* at 11. The filing of the abstract of judgment created a judgment lien on all of Mediak's real property. 28 U.S.C. § 3201(a).

In June 2023, the United States initiated this action to enforce the tax liens and/or judgment lien against Mediak through a judicial sale of real property located at 6007 Woodsview Court, Floyds Knobs, Indiana (the "Property") (Filing No. 1; Filing No. 99 at 1–2). The Property is titled to Graham, but the United States alleges that Graham holds the Property as the nominee or alter ego of Mediak, so the Property is subject to the liens against Mediak. *Id.* The relationship between the Property, Mediak, and Graham, is discussed in more detail below.

The United States originally named twelve defendants in this action. The claims against most Defendants have already been resolved. Five Defendants—Portfolio Recovery Associates LLC, Bank of America, NA, Cavalry SPV I, LLC, Unifund CCR, LLC, and Discover Bank—have had default judgments entered against them (Filing No. 49 through Filing No. 53). Defendant Knobs Pointe Apts, LLC, was voluntarily dismissed (Filing No. 38), and summary judgment has been entered against Defendant Charles Sublett ("Sublett") (Filing No. 95). The United States and Selene Finance LP (substituted for M&T Bank Corporation) filed a stipulation exempting Selene from participation in this action, though no dismissal or judgment has been entered as to Selene (Filing No. 34). The United States' claims against the Indiana Department of Revenue and Floyd County, Indiana, remain pending, though Floyd County has also been excused from participating in this action by agreement (Filing No. 37). The instant Renewed Motion resolves the United States' claims against Mediak and Graham.

The United States served Mediak through its principal, Sublett, on July 28, 2023 (Filing No. 16). Sublett appeared *pro se*, but Mediak did not appear by counsel and failed to plead or otherwise defend. The Clerk entered a default against Mediak on April 24, 2024 (Filing No. 61). The United States, with leave of Court, served Graham by publication between January 3, 2024,

3

and January 17, 2024 (Filing No. 28; Filing No. 39). Graham failed to plead or otherwise defend, and on March 14, 2024, the Clerk entered a default against Graham (Filing No. 54).

The United States moved for default judgment against Mediak and Graham in July 2024, but the Court denied that motion without prejudice to refile after a judgment was reached as to Sublett (Filing No. 64; Filing No. 79). On January 21, 2026, the Court granted the United States' motion for summary judgment against Sublett, finding that Sublett does not have any legal interest in the Property (Filing No. 95). The United States then filed the instant renewed request for default judgment against Mediak and Graham.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See* Fed. R. Civ. P. 55; *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339–40 (7th Cir. 2004). Entry of a default judgment requires a two-step process. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See C & S Mgmt., LLC v. Superior Canopy Corp.*, No. 08-CV-0029, 2013 WL 5291961, at *1 (N.D. Ind. Sept.18, 2013). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Once a party obtains an entry of default by the clerk, then that party may file a motion with the clerk or the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b). When a party applies for default judgment under Rule 55(b)(2), the district court is required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

### III.    <u>DISCUSSION</u>

The United States argues that it is entitled to the entry of default judgment against Mediak and Graham adjudging that the United States may enforce the federal tax liens and/or judgment lien associated with Mediak's liabilities through a judicial sale of the Property pursuant to 26 U.S.C. § 7403 because Graham is Mediak's nominee and/or alter ego. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51.

In this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement*, 722 F.2d at 1323. Damages are not in dispute, as Mediak's liabilities were determined in *Mediak I*. The only remaining issue is whether Graham is the nominee and/or alter ego of Mediak, such that the United States may enforce its tax liens against the Property.

The Court accepts the non-contested allegations in the United States' Complaint as true for purposes of establishing whether Graham is the nominee and/or alter ego of Mediak. For the reasons explained below, the Court finds that Graham is the nominee and alter ego of Mediak, and the United States is therefore entitled to enforce the tax liens and/or judgment lien associated with Mediak's liabilities through the judicial sale of the Property titled to Graham.

### A.    <u>Whether Graham is a Nominee</u>

Federal tax liens "attach[] not only to property belonging to the taxpayer, but also to property held by the taxpayer's nominees—someone who has legal title when, in substance, the taxpayer enjoys the benefits of ownership." *United States v. Wesselman*, 406 F. App'x 64, 65 (7th Cir. 2010). The following factors determine whether property is held by a person as a nominee of the taxpayer: (1) no consideration or inadequate consideration is paid by the nominee; (2) property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the

transferor continues to exercise control over the property; (3) close relationship between transferor and the nominee; (4) failure to record conveyance; (5) retention of possession by the transferor; and (6) continued enjoyment by the transferor of benefits of the transferred property. *Barmes v. IRS*, No. 97-287, 2004 WL 1005493, at \*10 (S.D. Ind. Mar. 29, 2004); *see also United States v. Mayfield*, No. 92-72, 1994 WL 764114, at \*5 (S.D. Ind. Dec. 22, 1994)). Not all factors must be met to establish nominee status. The Court will address only the factors that apply here, each of which supports a finding that Graham is a nominee of Mediak.

### 1.   Adequate Consideration

Graham received the Property from Roger Lee Stamper and Betsy Ann Stamper by deed dated March 12, 2004 (Filing No. 1 ¶ 14; Filing No. 99-2 at 4–5). The United States does not allege what consideration the Stampers received upon selling the Property, but it is undisputed that Mediak provided most of the funds that Graham used to pay the Property's expenses. From August 25, 2004 through September 2011, Mediak's bank account was used to pay the mortgage of the Property (Filing No. ¶ 19). These payments totaled approximately $320,000.00. *Id.* ¶ 19. From December 2012 to June 2013, cashier's checks totaling $13,867.13, listing Mediak as the remitter, were used to pay the mortgage. *Id*. On May 16, 2012, a check made out to Graham "for payment of escrow to mortgagor" was deposited into Mediak's bank account. *Id.* ¶20. These allegations show that Graham likely did not pay adequate consideration for the Property.

### 2.   Property in Graham's Name While Mediak Incurred Liabilities

Graham received title to the Property in March 2004, just a few months before Mediak started ignoring its federal tax obligations and began incurring tax liabilities. Yet despite these accruing liabilities, Mediak continued to pay the expenses for the Property until May 2012. *Id* ¶¶ 14, 19–21.

6

### 3. **Close Relationship**

In her March 2004 loan application, Graham reported that she was employed by Mediak and had been for the previous twelve years. *Id.* ¶15. In addition, in September 2004, Graham and Sublett opened two bank accounts for Mediak, with Graham and Sublett signing the account agreements as Mediak's owners and listing the Property as the address for the accounts. *Id.* ¶ 17. Sublett and Graham were also listed as Mediak's managers or members on its 2005 and 2006 annual reports with the Kentucky Secretary of State. *Id.* ¶ 18. In March 2006, Mediak listed the Property as its principal office. *Id.*

### 4. **Failure to Record Conveyance**

Although Mediak paid the Property's expenses for several years, Mediak's investment in the Property was never recorded in a conveyance.

Based on the above factors, the Court finds that Graham is a nominee of Mediak.

### B.  **Whether Graham is an Alter Ego**

The United States also alleges that Graham is the alter ego of Mediak. The analysis for determining whether someone operates as an alter ego is "'analogous to that used to pierce the corporate veil.'" *United States v. Witkemper*, No. 18-cv-873, 2021 WL 1220625, at *20 (S.D. Ind. Mar. 31, 2021) (quoting *Brant v. Krilich*, 835 N.E. 2d 582, 590 (Ind. Ct. App. 2005)). In deciding whether a party may pierce the corporate veil, Indiana courts consider the following factors:

> (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice, or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; and (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

*Ziese & Sons Excavating, Inc. v. Boyer Constr. Corp.*, 965 N.E.2d 713,717 (Ind. Ct. App. 2012) (citing *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994)). All factors do not need to be present

to pierce the corporate veil. *D.S.I. v. Natare Corp.*, 742 N.E.2d 15, 27 (Ind. Ct. App. 2000). The Court discusses only the factors applicable to this case, each of which supports a finding that Graham is the alter ego of Mediak.

### 1.   Undercapitalization

Mediak's failure to pay its federal taxes in 2004, 2005, 2007, 2008, 2009, 2010, and 2011 is an indication that Mediak was undercapitalized (Filing No. 1 ¶21).

### 2.   Absence of Corporate Records and Formalities

In November 2007, the Kentucky Secretary of State administratively dissolved Mediak for its failure to file its 2007 annual report. *Id.* ¶ 18. Mediak never remedied this issue, and the United States has been unable to locate any jurisdiction in which Mediak has been incorporated since then (Filing No. 99 at 13).

### 3.   Use of Corporate Form to Promote Injustice

By using Mediak to pay for the Property and Graham's personal expenses while eschewing federal tax obligations, Graham's use of Mediak's corporate form promoted injustice. As the United States notes in its Renewed Motion, "[i]f Graham is permitted to retain ownership of the . . . Property even though she controlled Mediak while it paid the expenses of the . . . Property and not its federal tax obligations, this will result in an injustice." *Id.* at 14.

### 4.   Payment of Individual Obligations

As mentioned above, Mediak paid approximately $333,687.13 of Graham's personal obligations for the Property from August 2004 to June 2013.

### 5.   Commingling of Assets

In addition to paying Graham's obligations for the Property, Mediak used its corporate funds to pay the personal expenses of Graham. *Id.* at 15. Graham likewise deposited an escrow

8

check made out to her into Mediak's bank account, which shows that Graham and Mediak commingled their assets (Filing No. 1 ¶ 20).

Based on the above factors, the Court finds that Graham is the alter ego of Mediak. The renewed motion for default judgment is **granted** and the Court declare that the United States is entitled to enforce the federal tax liens and/or judgment lien associated with Mediak's liabilities through a judicial sale of certain real property belonging to Mediak but titled to Gladis H. Graham, a/k/a Gladis Sublett a/k/a Junnie Sublett, as Mediak's nominee and/or alter ego. Specifically, the United States is entitled to enforce its liens against the real property located at 6007 Woodsview Court, Floyds Knobs, Indiana 47119.

### IV.    <u>CONCLUSION</u>

For the reasons explained above, the Court **GRANTS** the United States' Renewed Motion for Default Judgment Against Defendants Mediak LLC and Gladis H. Graham (Filing No. 99) and **DECLARES** that the United States is entitled to enforce the federal tax liens and/or judgment lien associated with Mediak's liabilities through a judicial sale of certain real property belonging to Mediak but titled to Gladis H. Graham, a/k/a Gladis Sublett a/k/a Junnie Sublett, as Mediak's nominee and/or alter ego. Specifically, the United States is entitled to enforce its liens against the real property located at 6007 Woodsview Court, Floyds Knobs, Indiana 47119.

Default Judgment will issue in a separate filing.

Because claims remain pending, the United States is **ORDERED** to file a Status Report within **<u>fourteen (14) days</u>** of the date of this Order stating how the United States intends to proceed on its claims against Defendants Selene Finance LP, the Indiana Department of Revenue, and Floyd County, so that final judgment may issue and this action may be closed. In lieu of a Status Report, the United States may file appropriate dismissal documents against the remaining Defendants, optionally with a proposed final judgment.

9

**SO ORDERED**.

Date:   8/10/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES SUBLETT
6007 Woodsview Ct.
Floyds Knobs, IN 47119

Jennifer Lynn Fisher
HINSHAW & CULBERTSON LLP (Schererville)
jfisher@hinshawlaw.com

Kristi Lee Fox
RICHARD R. FOX LAW OFFICE
kfox@thefoxlawoffices.com

Kyle Halbleib
Office of Indiana Attorney General
kyle.halbleib@atg.in.gov

Mason Andrew Moody
Hinshaw and Culbertson, LLP
mmoody@hinshawlaw.com

Kimberly Parke
DOJ-Tax
kimberly.parke@usdoj.gov